IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **FUNCTIONAL PRODUCTS TRADING, S.A.,** : : : **Plaintiff and** : **Counterclaim Defendant,** : : **v.** : : **JITC, LLC and ROBERT JANITZEK,** : : **Defendants,** : **Counterclaim Plaintiffs,** : **and Third-Party Plaintiffs,** : : **v.** : : **I-GRAIN, LLC; and LORIN A. TARR,** : : **Third-Party Defendants.** : | **CIVIL ACTION FILE NO.** **1:12-CV-0355-WSD-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S ORDER AND**
**NON-FINAL REPORT AND RECOMMENDATION**

Plaintiff Functional Products Trading, S.A. ("Functional Products") has moved to strike the answers of Defendants JITC, LLC ("JITC") and Robert Janitzek ("Janitzek"), dismiss Defendants' counterclaims, enter default judgment against Defendants, and for an award of sanctions. [Doc. 142]. For the reasons herein, the undersigned **RECOMMENDS** that the motion be **GRANTED**.

AO 72A
(Rev.8/82)

## I.   BACKGROUND

Functional Products filed its complaint on February 2, 2012, seeking specific performance, replevin, and damages from I-Grain, LLC ("I-Grain") and Lorin Tarr ("Tarr") for breach of an agricultural sales contract. [Doc. 1]. On February 24, 2012, it filed a first amended complaint, adding JITC and Janitzek as defendants. [Doc. 32]. On July 31, 2012, Defendants I-Grain and Tarr settled and were dismissed from the case. [Doc. 93]. Plaintiff then filed a second amended complaint on September 7, 2012, asserting claims, including those under the Racketeer Influenced and Corrupt Organizations Act and the Georgia Racketeer Influenced and Corrupt Organizations Act, and seeking declaratory relief. [Doc. 99]. JITC and Janitzek answered on September 21, 2012, and also filed a third-party complaint and cross claim against I-Grain and Tarr, and a counterclaim against Functional Products. [Docs. 104, 105, 106, 107].

On December 21, 2012, the undersigned held a discovery hearing to discuss, among other issues, Plaintiff's motion to compel the deposition of Defendants and for sanctions, [Doc. 117]. Previously, Janitzek and JITC were required to appear for a deposition on October 8, 9, 10, or 11, 2012, or by agreement of the parties. [Doc. 97 at 2]. In mid-September, Janitzek, who resides in the Philippines, indicated that he

would only be available via video conference during those October dates. [Doc. 142 at 3-4]. Therefore, by agreement, the deposition was scheduled for November 7, 2012. [*Id.* at 4; *see also* Doc. 109]. Two days prior to the deposition, Defendants' counsel informed Plaintiff's counsel that Janitzek was ill and had been ordered not to travel. [Doc. 142 at 4]. As a result of the hearing, the undersigned required Janitzek to appear in person for his deposition in the Northern District of Georgia between February 4 and February 8, 2013, with the specific date and time to be agreed to by counsel for the parties. [Doc. 131 at 2]. To the extent that sanctions were requested, the undersigned denied the motion because Plaintiff did not establish that the failure to appear for the previously scheduled deposition was willful. [*Id.*]. The undersigned stated orally, however, that if Janitzek failed to appear as ordered during the specified week in February 2013, the undersigned would recommend to the District Judge that JITC and Janitzek's answer be stricken and default be entered in this case. [FTR Gold Recording, December 21, 2012, 11:07 AM; *see also* Doc. 142 at 5, Doc. 144 at 4].

The deposition was noticed for February 6, 2013, and Janitzek indeed failed to appear, prompting the instant motion by Plaintiff. [Doc. 142 at 5-6; Doc. 144 at 3]. According to Defendants, Janitzek disregarded his counsel's advice and decided on his own to ignore the Court's order and the clearly stated consequences. [Doc. 144 at 4].

3

Defendants state that Janitzek feared that his safety and that of his family would be threatened if he traveled to the United States for the deposition. [*Id.* at 3-4]. Defendants, however, never moved for a protective order in conjunction with this concern. [*See* Dkt.]. Plaintiff states that it was informed the day before the scheduled deposition that Janitzek would not appear. [Doc. 142 at 6].

In addition, Plaintiff states that Defendants have failed to respond to discovery requests, including Plaintiff's First Request for Inspection to Defendant Robert Janitzek; Plaintiff's Second Requests for Production to Defendant Robert Janitzek; Plaintiff's Second Requests for Production to Defendant JITC, LLC; Plaintiff's Second Interrogatories to Defendant Robert Janitzek; and Plaintiff's Second Interrogatories to Defendant JITC, LLC. [Doc. 142 at 6]. Defendants state that no responses were provided because Janitzek believed that responding to the discovery requests "was fruitless considering Magistrate Baverman's threat and because he had little additional information to supplement." [Doc. 144 at 5].

## II.  DISCUSSION

### A.  Sanctions Pursuant to Rule 37(b)(2)(A)

Rule 37 of the Federal Rules of Civil Procedure provides that if a party "fails to obey an order to provide or permit discovery," the court may order a range of sanctions, including "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A). Rule 37 "gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders; however, this discretion is guided by judicial interpretation of the rule." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). The Eleventh Circuit has stated that "a default judgment sanction requires a willful or bad faith failure to obey a discovery order" and that "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Id.* (citations omitted). Additionally, "the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id.*; *see also Maus v. Ennis*, No. 12-12597, 2013 WL 1150140, at *4 (11th Cir. Mar. 20, 2013); *Hutchinson v. Florida*, 677 F.3d 1097, 1110 (11th Cir. 212). This sanction is "one of the harshest permitted under Rule 37 and is reserved for those

5

AO 72A
(Rev.8/8
2)

litigants whose culpability is high, such as where a party has willfully and wrongly ignored court orders, intentionally impeded discovery to gain some perceived litigation advantage or otherwise made a conscious decision to obstruct the orderly processing of a case." *Onebeacon Ins. Co. v. Milbourne*, No. 1:04-cv-3596-WSD, 2005 WL 3797628, at *4 (N.D. Ga. Oct. 20, 2005) (Duffey, J.) (granting judgment by default under Rule 37 due to defendant's "willful disregard for the Federal Rules of Civil Procedure and the authority of this Court, and because it is clear that no lesser sanction will suffice"); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1997) (affirming striking of answer and entry of default where party failed to appear for a deposition, failed to respond to interrogatories and requests for production, failed to appear for a second deposition when so ordered by the court, and failed to make a reasonable offer to appear); *Kelly v. Old Dominion Freight Line, Inc.*, 376 Fed. Appx. 909, 915 (11th Cir. Apr. 27, 2010) (dismissal of plaintiff's complaint as a sanction for repeated discovery violations was appropriate where plaintiff was warned that his complaint could be dismissed if he continued to violate the rules).

Janitzek's conduct in not appearing for his deposition despite being ordered to do so demonstrates a willful disregard for a lawful order of this Court and the Federal

6

Rules of Civil Procedure.[1]  Even assuming that Janitzek subjectively was afraid to travel to the United States,[2] Defendants did not seek a protective order in connection with the deposition,[3] nor did they otherwise attempt to communicate any such concerns

---

[1]  Plaintiff also seeks the striking of Defendants' pleadings and the entry of default judgment for Defendants' ignoring the request for inspection, the requests for production, and the interrogatories.  The Court rejects Plaintiff's motion on this ground, as Plaintiff did not move to compel Defendants to respond to this non-deposition discovery.  Nonetheless, Defendants' undisputed disregard of their discovery obligations is strong proof of their disregard of the Federal Rules of Civil Procedure.

[2]  The undersigned has reviewed both copies of Janitzek's declaration, [Doc. 144-1 at 1; Doc. 144-2 at 1].  Because they are substantially the same, and the first copy is unsigned, the undersigned focuses on the second copy, which is signed and includes a blank for notarization.  The undersigned acknowledges Plaintiff's contentions that the declaration contains untruths, [*see* Doc. 145 at 6-11], as well as its more general contentions that Janitzek has exhibited a pattern of fraud, [*id.* at 12-15].  The Court's analysis here, however, centers on Janitzek's decision not to appear for his deposition, after being made aware of the consequences of such a decision, and his failure to meet other discovery obligations.

It should also be noted that Janitzek's declaration includes requests for the Court's investigation of certain issues involving "witness tampering" and for permission to serve I-Grain and Lorin Tarr via email.  A declaration attached to a response to a motion for sanctions is not an appropriate avenue for such requests.

[3]  Binding Eleventh Circuit case law, however, requires that a party opposing his deposition obtain, not just apply for, a protective order before failing to appear for his deposition.  *See Kelly*, 376 Fed. Appx. at 915 (citing *Hepperle v. Johnson*, 590 F.2d 609, 613 (5th Cir. 1979)); *see also* Fed. R. Civ. P. 26(c).

7

to the Court. Janitzek apparently decided to seek forgiveness rather than permission, but he only sought forgiveness once Plaintiff filed its motion for sanctions.

Moreover, the decision not to cooperate in discovery because of the Court's "threat" and the belief that there was "little information to supplement" is unacceptable and, along with the failure to appear for deposition, obstructs the orderly processing of this case.

Defendants have not suggested that their failure was caused by simple negligence, misunderstanding, or inability to comply, nor is there evidence pointing to such a conclusion. On the contrary, Defendants readily admit that Janitzek consciously made the decision to violate a lawful order of this Court and to ignore Defendants' discovery obligations.

The undersigned has considered whether lesser sanctions would suffice and determined that they would not. Despite being on express notice that sanctions of striking the answer and entering a default judgment would be imposed if Janitzek did not appear as directed, Defendants decided to disobey the Court's order. Monetary sanctions will not promote compliance with the Court's orders when the threat of more serious consequences – entry of default – was ignored. In addition, Defendant Janitzek is outside of the United States, thus presenting additional difficulties in the enforcement

of any monetary sanctions. The Eleventh Circuit has stated that "a default sanction may be proper even when not preceded by the imposition of lesser sanctions. When lesser sanctions would be ineffective, Rule 37 does not require the vain gesture of first imposing those ineffective lesser sanctions." *Malautea*, 987 F.2d at 1544.

The undersigned concludes that nothing less than the striking of pleadings and entry of default is appropriate here. For these reasons, the undersigned **RECOMMENDS** that the District Court **STRIKE** Defendants' answers, **DISMISS** Defendants' counterclaims, and **ENTER** default judgment against Defendants in favor of Plaintiff.

### B.   Sanctions Pursuant to Rule 37(b)(2)(C) and 37(d)(3)

Additionally, Rule 37 provides that when a party disobeys a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see Kelly*, 376 Fed. Appx. at 913. Similarly, when a party fails to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

9

caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); *see Kelly*, 376 Fed. Appx. at 913. Although Defendants argue that Janitzek was substantially justified in his decision to ignore the Court's order and obstruct discovery, the undersigned concludes that he was not. Again, even if Janitzek feared traveling to the United States, he did not attempt to convey that fear to the Court or to seek a protective order regarding the deposition. Further, although Defendants state that Functional Products' resulting damages were mitigated because it was informed of his decision "once Janitzek shared his decision to not travel to the deposition and when it did not harm the prospect of his pending settlement offer," [Doc. 144 at 11], the fact remains that Functional Products was informed only the day before the deposition. Presumably, most, if not all, of the preparation for the deposition had already taken place.

The undersigned therefore further **RECOMMENDS** that Plaintiff be allowed to recover its attorney's fees for Defendants' failure to appear for Janitzek's ordered deposition, pursuant to Rules 37(b)(2)(C) and 37(d)(3).

### III.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's motion, [Doc. 142], to strike Defendants' answer (Doc. 107),

10

dismiss Defendants' counterclaims, enter default judgment against Defendants, and for an award of sanctions. If the District Court adopts this recommendation, it is further recommended that the matter be referred back to the undersigned for determination of appropriate damages, fees and costs to be imposed.

**IT IS SO RECOMMENDED**, this 7th day of June, 2013.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE