IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FUNCTIONAL PRODUCTS TRADING, S.A., <br><br>    Plaintiff and Counterclaim Defendant, <br><br>    v. <br><br>JITC, LLC and ROBERT JANITZEK, <br><br>    Defendants, Counterclaim Plaintiffs and Third-Party Plaintiffs. <br><br>    v. <br><br>I-GRAIN, LLC and LORIN A. TARR, <br><br>    Third-Party Defendants. | 1:12-cv-00355-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Alan J. Baverman's (the "Magistrate Judge") Non-Final Report and Recommendation, dated June 7, 2013 ("R&R) [154]. The R&R recommends that the Court grant Plaintiff Functional Products Trading, S.A.'s ("Plaintiff") Motion to Strike Defendants' Answer, Dismiss Defendants' Counterclaims, Enter Default Judgment against Defendants,

and for an Award of Sanctions, filed on February 21, 2013 (the "Motion for Sanctions") [142].

## I.   BACKGROUND

On February 2, 2012, Plaintiff initiated this action against I-Grain, LLC and Lorin Tarr, seeking damages, replevin and specific performance of an agricultural sales contract.  [1].

On February 24, 2012, Plaintiff filed its first amended complaint to add Defendants JITC, LLC and Robert Janitzek (the "Defendants") as defendants. [32].

On July 31, 2012, I-Grain, LLC and Lorin Tarr settled with Plaintiff and were dismissed from the action.  [93].

On September 7, 2012, Plaintiff filed a second amended complaint (the "Complaint"), asserting fraud claims against Defendants, including under the Racketeer Influenced and Corrupt Organizations Act, and the Georgia Racketeer Influenced and Corrupt Organizations Act.  Plaintiff sought damages, attorney's fees, punitive damages and declaratory relief.  [99].

On September 21, 2012, Defendants filed their Answer, Counterclaim, Impleader, and Crossclaim (the "Answer") [107].  In their Answer, Defendants responded to the Complaint, asserted counterclaims against Plaintiff, and made

crossclaims against I-Grain, LLC and Lorin Tarr.

Janitzek, a German citizen residing in the Philippines, was requested by Plaintiff to be deposed, and his deposition originally was scheduled for a date in August 2012. To accommodate Janitzek, the deposition was rescheduled for October 2012. [154, at 2]. The plan was again changed in September 2012, when Janitzek indicated that he would only be able to be deposed in Atlanta by video conference in October 2012. [154, at 3]. Janitzek's deposition was ultimately rescheduled for November 7, 2012, and it was agreed that Janitzek would be deposed in person in Atlanta. [Id. at 3].

On November 5, 2012, two days prior to the deposition, Defendants' counsel informed Plaintiff's counsel that Janitzek was ill and had been ordered not to travel. [142, at 4].

On November 11, 2012, Plaintiff filed an Expedited Motion to Compel Deposition of Defendants Robert Janitzek and JITC, LLC and for an Award of Sanctions (the "Motion to Compel"). [117].

On December 21, 2012, the Court held a hearing on the Motion to Compel. [130]. The Court ordered Janitzek to appear for a deposition at his attorneys' Atlanta office on a date between February 4 and February 8, 2013. [131, at 2]. Finding that sanctions were not yet warranted, the Magistrate Judge warned

3

Defendants that if Janitzek failed to appear for a deposition in February 2013, the Magistrate Judge will recommend that the Court strike Defendants' Answer and enter a default judgment against them. [142, at 5; 144, at 4].

On February 6, 2013, Janitzek again failed to appear to be deposed. [142, at 5-6]. On this occasion, Defendants explained that "a longstanding[,] trusted family friend with apparent connections to the United States [g]overnment" had warned Janitzek that a certain individual who is an "assistant" to Plaintiff's case "had arranged for Janitzek's unlawful incarceration and detainment." [144, at 3-4]. Based on this information, counsel for Defendants stated that Janitzek feared for his and his family's life.

On February 21, 2013, Plaintiff filed its Motion for Sanctions [142]. Plaintiff states that it was informed only the day before the February 2013 deposition that Janitzek would not appear. [Id. at 6]. Plaintiff cites Defendants' failure to respond to Plaintiff's discovery requests as further evidence of Defendants' failure to cooperate in discovery. [Id. at 6].

Defendants claimed that its discovery failure should be excused because responding to discovery requests "was fruitless considering Magistrate Baverman's threat [to impose sanctions,] and because [Janitzek] had little additional information to supplement." [144, at 5].

On June 7, 2013, the Magistrate Judge issued his R&R recommending that the Court grant Plaintiff's Motion for Sanctions. [154, at 10-11].

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (2006); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of objections, the Court reviews the Magistrate Judge's findings and recommendations for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B. Analysis

   1. *Sanctions Pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure to Strike Defendants' Answers, Dismiss Defendants' Counterclaims, and Enter Default Judgment against Defendants in Favor of Plaintiff*

Rule 37 of the Federal Rules of Civil Procedure provides that if a party "fails to obey an order to provide or permit discovery," the Court may impose sanctions, including "striking pleadings in whole or in part" and "rendering a default

judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A).  The Court enjoys "broad discretion to fashion appropriate sanctions for violation of discovery orders."  Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993).  "[T]he severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders."  Id. at 1542 (citing Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir.1988)); Hutchinson v. Florida, 677 F.3d 1097, 1110 (11th Cir. 2012).  A sanction that results in a default judgment "requires a willful or bad faith failure to obey a discovery order . . . . Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal."  Malautea, 987 F.2d at 1542 (citing Societe Internationale pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 212 (1958)).  Defendants did not object to the R&R.  The Court reviews the Magistrate Judge's findings for plain error.  See Slay, 714 F.2d at 1095.

      The Magistrate Judge found that Janitzek had "consciously made the decision to violate a lawful order of this Court and to ignore Defendants' discovery obligations," thus demonstrating "a willful disregard for a lawful order of this Court and the Federal Rules of Procedure."  The Magistrate Judge also found that Janitzek failed to seek a protective order before failing to appear for his deposition,

6

which he was required to do if he in fact was "afraid to travel to the United States," an assertion unsupported by the record or other evidence. [154, 6-8]. The Court does not find any plain error in these findings. See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1997); Kelly v. Old Dominion Freight Line, Inc., 376 F.App'x 85, 915 (11th Cir. 2010); Fed. R. Civ. P. 26(c).

The Magistrate Judge recommended that the requested sanctions be imposed. Striking answers and entering defaults judgments are appropriate when a party fails to appear for a deposition, fails to respond to interrogatories and request for production, fails to appear again when so ordered by a court, and fails to make a reasonable offer to appear. See Buchanan, 820 F.2d at 361. Sanctions that result in dismissal are also appropriate when a party continues to violate discovery rules after being warned that the case could be dismissed for discovery violations. See Kelly, 376 F.App'x at 915. The Court has imposed sanctions leading to default judgments when a party "willfully and wrongly ignored court orders, intentionally impeded discovery to gain some perceived litigation advantage or otherwise made a conscious decision to obstruct the orderly processing of a case." Onebeacon Ins. Co. v. Milbourne, No. 1:04-cv-3596, 2005 WL 3797628, at *4 (N.D. Ga. Oct. 20, 2005). The Court finds on these precedents and the Magistrate Judge's findings that the requested sanctions here are warranted. The R&R's recommendation to

impose the requested sanctions is adopted.

        2.    *Sanction Pursuant to Rule 37(b)(2)(C) and Rule 37(d)(3) to Allow Plaintiff Recovery for Attorney's Fees from Defendants*

Rule 37 of the Federal Rules of Civil Procedure requires any court that imposes a sanction under Fed. R. Civ. P. 37(b)(2)(A) to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C); See Kelly, 376 F.App'x at 913.  Sanctions are also appropriate under Rule 37 when a party fails to attend its own deposition, fails to serve answers to interrogatories, or fails to respond to a request for inspection.  Fed. R. Civ. P. 37(d)(1)(A), 37(d)(3).

The Magistrate Judge found that Janitzek was not "substantially justified in his decision to ignore the Court's order" to attend the February 2013 deposition, including because Janitzek failed to seek a protective order, which was required if he had been in real fear of traveling to the United States.  [154, at 10].  The Magistrate Judge also found that Janitzek had "obstruct[ed] discovery."  [Id. at 10].  The Magistrate Judge concluded that Plaintiff's costs were not mitigated because Defendants had failed to timely inform Plaintiff of Janitzek's non-appearance at the deposition.  [Id. at 10].  The Court does not find any plain error in these

findings.  See Buchanan, 820 F.2d at 361; Kelly, 376 F.App'x at 915; Slay, 714 F.2d at 1095.

The Magistrate Judge recommended that Plaintiff be awarded its attorney's fees for Janitzek's failure to appear at his deposition.  When a party sanctioned under Fed. R. Civ. P. 37(b)(2)(A) or Fed. R. Civ. P. 37(d)(1)(A) fails to provide substantial justification for his conduct and fails to show that the award of expenses would be unjust, the Court is required to award "reasonable expenses, including attorney's fees," to the party seeking the sanctions.  Fed. R. Civ. P. 37(b)(2)(C); Fed. R. Civ. P. 37(d)(3); see Kelly, 376 F.App'x at 913.  The Court adopts the R&R's recommendation and awards Plaintiff its attorney's fees for Janitzek's deposition.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Non-Final Report and Recommendation [154] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Answer, Dismiss Defendants' Counterclaims, Enter Default Judgment against Defendants, and for an Award of Sanctions [142] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is **DIRECTED** to strike Defendants' answers, dismiss Defendants' counterclaims, and enter default against Defendants.

**IT IS FURTHER ORDERED** that Plaintiff shall submit its motion for default judgment on or before September 15, 2013, and its affidavit supporting, in detail, the specific legal services performed in connection with the scheduling of and preparation for Janitzek's deposition, including the identity of each person who performed each service, the time spent to perform each service, and the hourly rate of the person performing each service. The affidavit also should set forth the specific expenses incurred in connection with deposition preparation and scheduling.

**SO ORDERED** this 20th day of August, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE