IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FUNCTIONAL PRODUCTS TRADING, S.A., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br>JITC, LLC and ROBERT JANITZEK, <br><br> Defendants, Counterclaim Plaintiffs and Third-Party Plaintiffs, <br><br> v. <br><br>I-GRAIN, LLC and LORIN A. TARR, <br><br> Third-Party Defendants. | 1:12-cv-0355-WSD |

## OPINION AND ORDER

On February 2, 2012, Plaintiff Functional Products ("Plaintiff") filed a complaint [1] seeking damages, replevin and specific performance against I-Grain, LLC ("I-Grain") and Lorin Tarr ("Tarr") for breach of an agricultural sales contract.

On February 24, 2012, Plaintiff filed its first amended complaint [32] to add

JITC, LLC ("JITC") and Robert Janitzek ("Janitzek") (collectively, "Defendants") as defendants. On July 31, 2012, I-Grain and Tarr settled with Plaintiff and were dismissed [93] from the action.[1]

On September 7, 2012, Plaintiff filed its Second Amended Complaint [99] (the "Complaint") against Defendants. On September 21, 2012, Defendants filed their Answer, Counterclaim, Impleader, and Crossclaim [107] (the "Answer"). Defendants included in their Answer counterclaims against Plaintiff, and a third party complaint and crossclaims against I-Grain and Tarr (collectively, "Third Party Defendants").

On August 20, 2013, the Court ordered [158] the Clerk to strike Defendants' Answer, dismiss Defendants' counterclaims, and enter default against Defendants. On July 29, 2014, the Court ordered [170] that Plaintiff's motion for default judgment [159] against Defendant's be granted with respect to Counts I, II,III, IV, VI, VII, X, XI, and XIII of the Complaint. Defendants' first party complaint and crossclaims against Third Party Defendants remain pending.

To date, Defendants have failed to initiate any substantial proceedings against Third Party Defendants on Defendants' first party complaint or

---

[1] In the "Background" section of its July 29, 2014, Order, the Court set forth this case's extensive factual and procedural background. (July 29, 2014, Order, at 2-7). That background section is incorporated by reference herein.

crossclaims.  On July 29, 2014, the Court issued an order (the "Show Cause Order") to show cause, in writing on or before August 19, 2014,[2] why the Court should not dismiss Defendants' first party complaint and crossclaims against Third Party Defendants for want of prosecution.  Defendants did not respond to the Show Cause Order.

The Court may dismiss a civil action for want of prosecution if the case has been pending for more than six (6) months without any substantial proceedings of record having been taken in the case.  LR 41.3(A)(3), NDGa.  The Court may also dismiss a civil action for failure or refusal to obey a lawful order of the Court.  LR 41.3(A)(2), NDGa.

---

[2] On July 29, 2014, the Clerk of Court sent Janitzek a copy of the Court's July 29, 2014, Order [170], the Order for Default Judgment [171], and the July 29, 2014, Order to Show Cause [172].  On August 1, 2014, these items were returned undeliverable.  Plaintiff has not provided the Clerk of Court with an updated address, assuming that he no longer resides at 1 Glenlake Parkway, Suite 700, Atlanta, Georgia 30328.  Because Defendant's counsel withdrew from the case, it is Janitzek's responsibility to keep the Court properly informed of an address change, and his failure to do so has adversely affected the case by preventing service of the Court's Orders and any communication with him.  Local Rule 41.2C provides that, "[t]he failure . . . of a party appearing *pro se* to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice."

Defendants have failed to initiate any substantial proceedings against Third Party Defendants on Defendants' first party complaint or crossclaims since Defendants filed their claims on September 21, 2012. Defendants have also failed to respond to the Court's Show Cause Order. The Court concludes that Defendants' claims should be dismissed without prejudice.[3]

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' first party complaint and crossclaims [107] against Third Party Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to obey a lawful order of the Court.

**SO ORDERED** this 9th day of September, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3]  In allowing this case to be dismissed without prejudice, the Court does not determine whether there may be legal bars to re-filing this action.